WRIGHT, J.
The only question in this case is, whether a creditor who first files his bill against the assignees of an insolvent debtor obtains a priority in the distribution of the insolvent effects, in case the assignment is declared void.
The object of the complainant is to charge certain goods of their debtor, with the payment of a judgment they have. The reason for coming into this court is, that the grounds are so covered up by the fraudulent act of the defendants, who are their debtors, that they are protected'from levy and sale on execution at law. But for the acts of the defendants, the complainants could have levied theif *252 debt at law, and secured their priority. They have been compelled to come into this court to obtain execution of their judgment. Why deprive them of the reward of their diligence ? After the complainants have removed the difficulty, other creditors come and ask leave to avail themselves of their labors. The course of practice in this state has hitherto been to secure to the viligant creditor the advantage his diligence obtains. Chancellor Kent, in 4 John. Ch. 690, holds, that where a plaintiff has acquired, by execution at law, a legal preference to the assistance of chancery, that preference ought not, in justice, to be taken away. Though it be the favorite policy of this court to distribute assets equally among creditors, pari 2oassu, yet, whenever a judicial preference has been established by the superior legal diligence of any creditor, that preference is always preserved in the distribution of assets in this court. Suppose the complainants had levied upon these goods, and then filed their bill to remove the fraudulent assignment, and this court had merely decreed it to be void, can there be a doubt that they would have retained their priority ? The case before us does not differ in principle. This court has possession of the case, to remove the obstacle to the sale of the goods, and may rightfully take upon itself the sale and distribution. The complainants are the most diligent creditors, and have priority in distribution. They must be paid. The residue, if any, can be disposed of to the other creditors.
[This case had been in Supreme Court; 5 O. 293.]